IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE WATSON | § | |
| v. | § | CIVIL ACTION NO. 9:04cv54 |
| EASTHAM UNIT ADMINISTRATION, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Robert Watson, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. 1983 complaining of alleged violations of his constitutional rights.  The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

Watson contended that on January 4, 2004, he was assaulted and sprayed in the face with chemical agents by Officers Benjamin Jeffries, Amin Rosado, and Sovonia Hilson.  These individuals were ordered to answer the lawsuit and the case was set for trial after the defendants answered.  A jury trial was scheduled for July 21, 2005.

At trial, Watson called inmates Jerry Ballard and Herman Turner, who testified that Watson had an altercation with an inmate named Singleton, and Officer Hilson yelled "fight." Several officers came in response.  The inmates testified that Watson was handcuffed and that Sgt. Jeffries pushed him into his cubicle, where Officer Hilson was standing; the force was then used against him. Both Ballard and Turner stated that Watson was handcuffed behind his back; however, in his written statement, Turner said that Watson was "reaching for his glasses" when he was shoved. When questioned about this, Turner said first that by "reaching," he meant that Watson "moved his

1

body toward" the glasses, which were in his cubicle; he then said that Watson only had one hand in handcuffs, and that he was reaching for his glasses with his other hand.

Watson then called Curtis Bridges, who said that he did not see the actual use of force because he arrived after it was over, and Rhonda Ware, who said that she was in the count room and knew nothing of the incident.

Nurse Sandra Henderson testified that she examined Watson after the incident and that his injuries consisted of a contusion and an abrasion on his forehead. She explained that a contusion was a bruise and that an abrasion was a scrape. The abrasion was cleansed with hydrogen peroxide and normal saline, and topical antibiotic ointment was applied. No other treatment was necessary. Henderson stated that Watson was placed in pre-hearing detention after the incident and was checked by medical personnel several times over the next few days, but that he voiced no complaints. Henderson specifically stated that Watson's injuries were minor.

Watson rested his case after Henderson testified, and the defendants moved for judgment as a matter of law under Rule 50, Fed. R. Civ. P. Watson requested to be allowed to reopen his case to testify as to the extent of his injuries, and he was allowed to do so.

In his testimony, Watson said that he was hit in the nose with the gas canister, leaving a "permanent knot." He pointed to a photograph of his face which appears to show a red mark on his nose. There is no indication in the medical record that Watson ever complained of an injury to his nose or that such an injury was ever found, either at the time or thereafter.

Dr. Glenda Adams testified that according to her review of the medical records, Watson's injuries were minor. She confirmed Nurse Henderson's statement that Watson had suffered a bruise and a scrape, and that nothing more than minor first aid was required. She said that the picture of Watson's face was indistinct, but that the mark on his nose appeared to have been left by his glasses, possibly during the altercation he had with Singleton. Dr. Adams specifically said that getting hit in the nose by a gas canister would not have caused the mark in the photo. Following Dr. Adams' testimony, the Court granted the defendants' motion for judgment as a matter of law.

Legal Standards and Analysis

A motion for directed verdict or motion for judgment as a matter of law should be granted if the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable jurors could not arrive at a contrary verdict; a "mere scintilla" of evidence is insufficient to present a question to the jury.  McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998); McCoy v. Hernandez, 203 F.3d 371, 374 (5th Cir. 2000).

The Fifth Circuit has stated that to create a jury issue, there must be a dispute in the substantial evidence, that is, evidence which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions," such that "a mere scintilla of evidence is insufficient to present a question for the jury." Sobley v. Southern Natural Gas Co., 302 F.3d 325, 336 (5th Cir. 2002).  The Court went on to note that even if the evidence is more than a scintilla, some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict.  Sobley, 302 F.3d at 336 n.23, *citing* Chaney v. New Orleans Public Facility Management, Inc., 179 F.3d 164, 167 (5th Cir. 1999).

Application of the Law to the Facts of the Case

In this case, Watson contended that excessive force was used against him.  The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."  Hudson, 112 S.Ct. at 999.  It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000).

The Fifth Circuit has held that in Eighth Amendment cases involving claims of excessive use of force, the claimant must show injuries that are more than *de minimis*, even if not "significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999); *accord*, Hudson v. McMillian, 503 U.S. at 7, 112 S.Ct. at 999 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishment **necessarily excludes** from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'") (emphasis added). In Jackson v. Culbertson, 984 F.2d 699 (5th Cir. 1993), the plaintiff complained that guards sprayed a fire hose into his cell, but he suffered no injuries, and so the Fifth Circ held that he had no constitutional claim.

An example of an Eighth Amendment case in which injuries were found to be *de minimis* is Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). In that case, the plaintiff suffered a sore, bruised ear which lasted for three days and did not require medical attention, an injury which was held to be *de minimis*.

In this case, the medical records show that Watson suffered one abrasion and one contusion, for which nothing more than minor first aid was required. There are no sick calls in the record following this incident complaining about any injuries resulting from the use of force, nor is there any indication that follow-up medical care was necessary. Both Nurse Henderson and Dr. Adams testified that Watson's injuries were minor.

It is clear from the pleadings and records that Watson suffered nothing more than a *de minimis* injury. In Young v. Saint, et al., slip op. no. 92-4280 (5th Cir., March 31, 1993) (unpublished), an inmate was hit on the hand with a metal spatula, resulting in two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers; the Fifth Circuit held that this injury was de minimis and that the use of force was not repugnant to the conscience of mankind. In Potts v. Hill, slip op. no. 98-50214 (5th Cir., May 25, 1999) (unpublished), the inmate was hit in the mouth during an altercation with a guard, causing

a non-bleeding cut and making his mouth too sore to wear dentures for three weeks; the Fifth Circuit held that this injury was *de minimis* and upheld a grant of summary judgment for the guard.

The Fifth Circuit has also held that where the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the Court may conclude that the allegations are implausible. Wilburn v. Shane, et al., slip op. no. 98-21077 (5th Cir., August 20, 1999) (unpublished), *citing* Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th Cir. 1990).

In the present case, even when viewed in the light most favorable to the plaintiff, *see* Sobley, 302 F.3d at 325, the facts and inferences point so strongly and overwhelmingly in favor of the defendants that reasonable jurors could not arrive at a contrary verdict. One element of Watson's claim is that he must show that as a result of the use of force, he suffered an injury which was more than *de minimis*. Gomez v. Chandler, 163 F.3d at 924; Hudson v. McMillian, 503 U.S. at 7, 112 S.Ct. at 999 (*de minimis* uses of physical force are "necessarily excluded" from constitutional recognition). The medical records, the testimony of the nurse who examined him, and the testimony of a physician who reviewed the records all confirmed that Watson's injuries were *de minimis*. Even when the evidence is viewed in the light most favorable to Watson, it is still apparent that Watson offered no more than a scintilla of evidence in support of his position, and that the evidence which he presented was so overwhelmed by contrary proof as to yield to a directed verdict or motion for judgment as a matter of law. Sobley, 302 F.3d at 336 n.23. Consequently, the defendants' motion for judgment as a matter of law was meritorious and was granted. It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice on the granting of the defendants' motion for judgment as a matter of law. Rule 50, Fed. R. Civ. P. It is further

ORDERED that all other motions which may be pending in this action are hereby DENIED.

**SIGNED** this **25** day of **July, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE